UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV385-V-02
(3:02CR94-03-MU)

ROGELIO TEODORO-ENCISO        )
    Petitioner,              )
                             )
       v.                  )        O R D E R
                             )
UNITED STATES OF AMERICA,     )
    Respondent.              )
_____)

     **THIS MATTER** is before the Court on petitioner's "Motion To Vacate, Set Aside, or Correct Sentence" under 28 U.S.C. §2255, filed September 2, 2005.  For the reasons stated herein, however, the petitioner's Motion will be summarily <u>dismissed</u>.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

     On April 2, 2002, the petitioner (along with 21 other individuals) was named in a multi-count Superceding Bill of Indictment, charging him with conspiring to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine powder and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §841(a)(1) and 846 (Count One).  The petitioner also was charged with conspiracy to import 1,000 kilograms or more of marijuana from Mexico, in violation of 21 U.S.C. §§ 852, 960 and 963 (Count Three); and with conspiring to launder money, in violation of 18 U.S.C. §1956 et seq. (Count Four).

On September 23, 2002, the petitioner entered into a Plea Agreement with the government, wherein he agreed to plead guilty to the drug and the money laundry conspiracy charges as alleged in Counts One and Four of the Indictment.  Among other provisions, the Plea Agreement contained the parties' stipulation that the amount of marijuana which was known to or reasonably foreseeable by the petitioner was at least 10,000 kilograms but less than 30,000 kilograms; and that the amount of cocaine powder for which he could be held responsible was at least 500 grams but less than 2 kilograms.

The Plea Agreement further noted the petitioner's understanding that the funds which were being laundered were proceeds from illegal drug trafficking activities.  In addition, the Plea Agreement set forth the petitioner's stipulation to the applicability of a two-level enhancement under U.S.S.G. §2D1.1 due to the unlawful possession of a firearm in connection with the conspiracy offense.

The Plea Agreement also contained a waiver clause, noting the petitioner's waiver of his right "to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. §2255."  Such waiver, however, did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

After entering into his Plea Agreement, on October 17, 2002,

the petitioner appeared before a United States Magistrate Judge for a Plea and Rule 11 Hearing, at which time he tendered his guilty pleas to the Court.  Simultaneously with the Court engaging the petitioner in a lengthy colloquy to determine whether his pleas were being knowingly and voluntarily entered, the petitioner completed an "Entry And Acceptance Of Guilty Plea" form, thereby memorializing his oral answers to the Court's questions.

According to the form, the petitioner advised the Court <u>inter alia</u>, that he had received a copy of the Superceding Indictment, and had discussed such document with his attorney; that he understood the charges which he faced; and that he understood his rights with respect to the charges, a trial and several other procedural matters.

Critical to this inquiry, the petitioner also advised the Court that there was a factual basis for the subject guilty pleas; that he was tendering his guilty pleas because he was, in fact, guilty of the two charges; that no one had threatened him, made him any promises of leniency or a light sentence, or otherwise induced him to plead guilty against his will; and that he was satisfied with counsel's services in his case.  Accordingly, the Court accepted the petitioner's guilty pleas.

Thereafter, on August 13, 2003, the government filed a "Motion For Downward Departure . . . " on the petitioner's behalf. According to that Motion, the petitioner had provided substantial

3

assistance to the government; therefore, the government asked the Court to reduce the petitioner's Guidelines sentencing range from 135 to 168 months down to 97 to 121 months imprisonment.

A few days later on August 19, 2003, the Court conducted the petitioner's Factual Basis & Sentencing Hearing.  During the initial stage of that Hearing, the petitioner affirmed the earlier answers and statements which he made during his Plea Hearing. Consequently, the Court affirmed its acceptance of the petitioner's guilty pleas.

Next, the Court reviewed the petitioner's Pre-Sentence Report and concluded that his total offense level was 33, his criminal history category was I; and that he therefore was facing a term of 135 to 168 months imprisonment.  However, the Court also granted the government's Motion for a Downward Departure, but rejected its sentencing range recommendation.  Indeed, the Court departed lower than the government had requested, and imposed an 87-month sentence upon the petitioner.

The petitioner did not initially file a direct appeal of this case.  However, on August 13, 2004, the petitioner filed a Motion to Vacate alleging, _inter alia_, that he had been subjected to ineffective assistance of counsel by virtue of his attorney's failure to file a direct appeal as requested.  Upon its review of that Motion this Court determined that although the petitioner had waived his right to a direct appeal by virtue of his Plea Agree-

4

ment, he still had a constitutional right to have his attorney file an appeal for him.    Therefore, the Court concluded, out of an abundance of caution, pursuant to United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), that it should vacate the petitioner's original judgment and impose a new Judgment from which he could appeal.    Accordingly, by Order filed October 1, 2004, this Court vacated the petitioner's original Judgment.

Next, on October 4, 2004, the Court entered an amended Judgment which announced the same sentence as was originally imposed, and from which the petitioner could appeal.    Thereafter, the petitioner timely gave his notice of appeal.    The Court also appointed counsel for the petitioner's appeal.

Nevertheless, after the petitioner's appeal was docketed, the government filed a Motion to Dismiss on the basis of the peti- tioner's waiver as described in his Plea Agreement.    Not surpris- ingly, therefore, on July 20, 2005, the Fourth Circuit Court of Appeals granted the government's Motion and dismissed the peti- tioner's appeal.

Now, by the instant Motion to Vacate, the petitioner has returned to this Court for habeas review.    Here, the petitioner alleges that he was subjected to ineffective assistance of counsel due to trial counsel's having induced him to plead guilty with an unfulfilled promise (presumably of leniency), and due to appellate counsel's failure to allege trial counsel's ineffectiveness on

direct appeal.  The petitioner's Motion to Vacate also makes a passing reference to the recent U.S. Supreme Court decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker/Fanfan, 125 S.Ct. 738 (2005).

## II.  **ANALYSIS**

### A.  **Neither Blakely nor Booker/Fanfan are applicable in this collateral proceeding**.

At the outset of its analysis, the Court will address the petitioner's veiled attempt to raise a claim under the U.S. Supreme Court's recent rulings in the Blakely and Booker/Fanfan cases.  In Blakely, the Supreme Court clarified its ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), explaining that for Apprendi purposes, the statutory maximum term was not the outer limits set forth in the statute, but the maximum sentence that a State judge could impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Subsequently in Booker/Fanfan, the Supreme Court made its holding from Blakely applicable to sentences imposed under the U.S. Sentencing Guidelines, and concluded that the mandatory provisions of the Guidelines are unconstitutional to the extent that they permit judges to find facts relevant to sentencing.

However, the Supreme Court has _not_ stated that its rulings in either Apprendi, Blakely or Booker/Fanfan could be given retroactive application in collateral proceedings such as this one.  Moreover, in United States v. Sanders, 247 F.3d 139 (4th Cir.), _cert._

6

<u>denied</u>, 534 U.S. 1032 (2001), the Fourth Circuit Court of Appeals specifically held that based upon well-settled constitutional precedent, the rule from <u>Apprendi</u> cannot be retroactively applied in cases which are on collateral review.  Similarly, in the unpublished decision, <u>United States v. Fowler</u>, No. 05-6493 (WL 1416002 W.Va. June 17, 2005), the Fourth Circuit stated that "neither <u>Booker</u> nor <u>Blakely</u> announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."  Therefore, the petitioner's passing reference to these cases simply is unavailing.

### B.  **The petitioner has failed to show that his pleas were involuntarily made**.

At the core of his claim against trial counsel--that counsel unlawfully induced to him plead guilty by unfulfilled promises--is the petitioner's assertion that his guilty pleas were not voluntarily made.  Contrary to his allegation of improper inducement, however, the record in this case tends to establish knowing and voluntarily tendered pleas.

Indeed, turning first to the Plea & Rule 11 proceeding, the petitioner unequivocally told the Court, <u>under oath</u>, that he was guilty of the subject conspiracy charges; that other than the terms of his Plea Agreement, no one had made him any promises of leniency; that no one had threatened, forced or intimidated him into entering his guilty pleas; and that he understood that even if he received a higher sentence than was anticipated, such fact would

not provide a justification for withdrawing his guilty pleas.

In further contrast to the petitioner's claim, the record also shows that he did, in fact, receive a lower sentence than was actually applicable for his convictions.  That is, based upon the petitioner's cooperation with the government, as facilitated by his trial attorney, the petitioner's sentence was reduced from a range of 135 to 168 down to a term of 87 months imprisonment.

However, the law is well settled that statements made during Rule 11 proceedings, such as those outlined above, constitute strong evidence of the voluntariness of a defendant's plea.  United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).  Similarly, the Fourth Circuit has indicated that where, such as here, the plea bargain was "favorable" to a defendant and that accepting it was "a reasonable and prudent decision," such factors are themselves evidence of "[t]he voluntary and intelligent" nature of the plea.  Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1299 (4th Cir 1992).  Therefore, on this record, the petitioner's claim must be rejected because he has failed to demonstrate that his guilty pleas were the result of anything less than his own voluntary and intelligent choice.

C.  **The petitioner also cannot prevail on his claim against his former appellate counsel**.

With respect to a claim of ineffective assistance of counsel in general, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective

standard of reasonableness, <u>and</u> that he was prejudiced thereby, that is, that there is a reasonable probability that but for the error, the outcome would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984).  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984); <u>and</u> <u>Marzullo v. Maryland</u>, 561 F.2d 540 (4th Cir. 1977), <u>cert. denied</u>, 435 U.S. 1011 (1978).

To demonstrate prejudice, the petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986), <u>citing</u> <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

In order to prevail on an ineffective assistance of counsel claim, the petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31.  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

Moreover, a petitioner who alleges ineffective assistance following entry of a guilty plea has an even <u>higher</u> burden to meet.

See <u>Hill v. Lockhart</u>, 474 U.S. at 53-59; <u>Fields</u>, 956 F.2d at 1294-99; <u>and</u> <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir.), <u>cert. denied</u>, 488 U.S. 843 (1988).  The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified.  Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

<u>Hooper</u>, 845 F.2d at 475 (emphasis added); <u>accord</u> <u>Hill v. Lockhart</u>, 474 U.S. at 59; <u>and</u> <u>Fields</u>, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary."  <u>Fields</u>, 956 F.2d at 1299, <u>citing</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74-75 (1977).

Here, the petitioner alleges that appellate counsel was ineffective because he failed to present on direct appeal the petitioner's claim against trial counsel.  However, as was previously noted, the petitioner's direct appeal was summarily dismissed pursuant to the valid and enforceable waiver provisions in his Plea Agreement.

Furthermore, the petitioner has failed, in any vent, to point to any ineffectiveness which would have been conclusively evident

from the record on direct appeal.  Therefore, on this record the petitioner cannot show that appellate counsel's performance was either deficient <u>or</u> prejudicial in this regard.  Accordingly, this claim also must fail. <u>See</u> <u>United States v. Vinyard</u>, 266 F.3d 320, 333 (4th Cir. 2001), <u>cert. denied</u>, 536 U.S. 992 (2002) (noting that ineffective assistance of counsel claims may not be raised on direct appeal unless the record of such matter is conclusive); <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096 (2000) (same); <u>and</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

> D.  **<u>The petitioner's post-conviction pro-<br>testations of innocence are feckless</u>**.

Finally, it has not escaped the Court's attention that the petitioner is now attempting to protest his innocence, both claiming that he was not a co-conspirator and, in the alternative, that the amount of drugs for which he should have been held accountable was lower than the amount found by the Court.  Suffice it to say, however, this belated attack simply is too little too late.

Indeed, the Fourth Circuit has indicated that once the trial court conducts a Rule 11 colloquy and finds the plea to be knowingly and voluntarily entered, as in this case, absent compelling reasons to the contrary, the defendant's guilt are deemed to be conclusively established.  <u>Via v. superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, (4th Cir. 1981); <u>Accord</u>

<u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)(defendant's plea and statements at Rule 11 proceedings "constitute a formidable barrier" to their subsequent attack).

As has been noted, the record here conclusively establishes that the petitioner admitted his guilt under oath during his Plea & Rule 11 proceedings, he reaffirmed such admission during his Sentencing Hearing, and he stipulated to the amount of drugs for which he could be held accountable.  Thus, it goes without saying that the petitioner cannot prevail in this attempt.

### III.  <u>CONCLUSION</u>

The record of this case reflects that the petitioner's claims are baseless.  Therefore, this Motion to Vacate must be summarily <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED.**

**SO ORDERED.**

12

**Signed: September 13, 2005**


Graham C. Mullen
Chief United States District Judge